MEYERS TERSIGNI FELDMAN & GRAY LLP
Attorneys for Plaintiff
14 Wall Street, 19th Floor
New York, NY 10005-2101
(212) 422-1500
Anthony L. Tersigni (AT5980)
atersigni@mtfglaw.com
Andrea Tersigni (AT1771)
andreatersigni@mtfglaw.com



06 CV 2953

JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOAN SLAVIT,

                      Plaintiff,

      -against-

CENVEO, INC., CENVEO GOVERNMENT
PRINTING, INC., and CENVEO CORPORATION,

                      Defendants.
-----------------------------------------------------------x

ECF CASE

**COMPLAINT AND
JURY DEMAND**

Plaintiff, Joan Slavit ("Slavit"), for her complaint against Defendants, Cenveo, Inc., Cenveo Government Printing, Inc., and Cenveo Corporation (collectively "Cenveo"), alleges as follows:

### Jurisdiction and Venue

1. The claims asserted by Slavit arise under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq., the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq., and the New York Labor Law, Article 6. This Court has subject matter jurisdiction of this action and over the claims asserted pursuant to 28 U.S.C. §§1331 and 1367(a) and 29 U.S.C. §§ 2104(a)(5) and 1132(e)(2). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) and (c)(1) in that there is diversity of

citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) and 29 U.S.C. §§ 2104(a)(5) and 1132(e)(2).

### The Parties

3.  Slavit is a citizen of the State of New York.

4.  Defendant Cenveo, Inc. is a corporation incorporated under the laws of the State of Colorado with its principal place of business in a state other than the State of New York.

5.  Defendant Cenveo Government Printing, Inc. is a corporation incorporated under the laws of the State of Colorado with its principal place of business in a state other than the State of New York.

6.  Defendant Cenveo Corporation is a corporation incorporated under the laws of the State of Delaware with its principal place of business in a state other than the State of New York and is licensed to do business in the State of New York.

### Facts

7.  Cenveo is engaged in the printing business throughout the United States, including the State of New York.

8.  On or about April 1, 1995, Slavit was employed as a sales manager by Cenveo's predecessor, Braceland Brothers, Inc.

9.  After Cenveo's acquisition of Braceland Brothers, Inc. (under Cenveo's former name of Mail-Well, Inc.), Slavit continued in Cenveo's employment as a sales representative until her employment was terminated on September 2, 2005.

10. Slavit's duties as a sales representative for Cenveo consisted primarily of obtaining customers for Cenveo's Atlanta plant, preparing bids for printing services requested by prospective customers she solicited, overseeing customer orders, and managing customer accounts. Any customers obtained by Slavit for Cenveo who could not be serviced by the Atlanta plant were serviced by other Cenveo plants. Commissions earned for sales to such customers were denominated as "cross-sells."

11. Throughout her employment with Cenveo, Slavit's services were performed in New York and her paychecks were received from Cenveo in New York.

12. The compensation paid to Slavit by Cenveo consisted of commissions earned for selling Cenveo's printing services.

13. Slavit was paid a bi-weekly draw against her commissions. If her draw for any year exceeded her earned commissions, the excess draw was deducted from commissions earned the following year. If her draw was less than her earned commissions, the excess commissions were to be paid to her as soon as customer payments on the orders involved were received by Cenveo.

14. During 2004, Cenveo failed to accurately account for Slavit's cross-sell commissions. Slavit was assured by Cenveo, through the sales manager of the Atlanta plant, that her cross-sell commissions would be properly credited to her. Notwithstanding this assurance, Cenveo has refused to credit to Slavit substantial cross-sell commissions earned by her.

15. On or about June 16, 2005, Slavit received a letter from Cenveo notifying her that Cenveo planned to permanently close the Atlanta plant and that her employment with Cenveo was "expected to permanently end on August 19, 2005, or within fourteen (14) calendar days thereafter …" (the "WARN notice").

16. Almost immediately thereafter, Cenveo assured Slavit that the WARN notice did not apply to her, that the work she did for Cenveo was very valuable, that her employment with Cenveo would not be terminated, and that she would be given a sales position for one of Cenveo's other plants.

17. In or about late July, 2005, Cenveo sent Slavit a written offer for a sales representative position for Cenveo's plant in Cambridge, Maryland.

18. On or about August 24, 2005, Cenveo withdrew its offer to continue Slavit's employment and informed her that her employment with Cenveo would terminate.

19. Nevertheless, on or about August 29, 2005, Cenveo informed Slavit, through its President of Commercial Print, that Cenveo would "look into [her] selling for another division."

20. Regardless of the various assurances of continued employment received from Cenveo, Slavit's employment was terminated by Cenveo based on the closing of Cenveo's Atlanta plant.

21. At the time her employment was terminated by Cenveo, Cenveo owed Slavit unpaid commissions in the amount of at least $61,000, which Cenveo, to date, has willfully refused to pay to her.

22. As a condition for receiving severance benefits due to her under Cenveo's severance plan, Cenveo demanded that Slavit give up her right to be paid the commissions to which she is entitled. Cenveo made this demand in bad faith knowing that it owed substantial commissions to Slavit, thereby attempting to avoid its obligation to pay her.

23. Since Slavit did not give up her right to be paid her commissions, Cenveo refused, and continues to refuse, to pay Slavit severance benefits due to her in the amount of at least $45,000, above and beyond her unpaid commissions of at least $61,000.

### First Claim for Relief--WARN

24. Cenveo was required to provide Slavit with 60-days notice of the closing of the Atlanta plant.

25. Cenveo failed to give Slavit adequate notice as required by law and its conduct, as described above, constitutes a violation of 29 U.S.C. §§ 2102 et seq., for which Cenveo is liable to Slavit for back pay and benefits in an amount to be determined at trial, but not less than $18,000 plus interest, attorney's fees, costs, and disbursements.

### Second Claim for Relief--ERISA

26. Cenveo had a fiduciary duty to discharge its obligations with respect to its severance plan solely in Slavit's interest for the exclusive purpose of providing severance benefits to Slavit.

27. Cenveo's conduct, as described above, including but not limited to, its refusal to pay Slavit her severance benefits because she would not give up her right to be paid commissions to which she was entitled, constituted a breach of fiduciary duty in violation of 29 U.S.C. §§ 1104 et seq.

28. Accordingly, Cenveo is liable to Slavit for severance pay in the amount of not less than $45,000 plus interest, attorney's fees, costs, and disbursements.

### Third Claim for Relief--NY Labor Law

29. Cenveo's willful refusal to pay Slavit her commissions and severance to which she is entitled, as described above, constitutes a violation of New York Labor Law, Article 6.

30. Accordingly, Slavit is entitled to recover from Cenveo her unpaid commissions and severance in an amount to be determined at trial, but not less than $106,000 plus twenty-five percent liquidated damages, interest, attorney's fees, costs, and disbursements.

**WHEREFORE,** Slavit respectfully requests that this Court enter judgment in her favor against Cenveo, granting her the following relief:

(a) Damages in an amount to be determined at trial, but not less than $150,000; plus

(b) Attorney's fees, expert fees, interest, costs, and disbursements; and

(c) Such other and further relief to which she may be entitled.

### Jury Demand

Slavit hereby demands a trial by jury of all issues triable of right by a jury.

Dated: April 17, 2006

                                           **MEYERS TERSIGNI FELDMAN & GRAY LLP**

                                           By: _____
                                                         Anthony L. Tersigni (AT5980)
                                                         Andrea Tersigni (AT1771)
                                                         Attorneys for Plaintiff
                                                         14 Wall Street, 19th Floor
                                                         New York, New York 10005
                                                         (212) 422-1500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOAN SLAVIT,

    Plaintiff,

-against-

CENVEO, INC., CENVEO GOVERNMENT PRINTING, INC., and CENVEO CORPORATION,

    Defendants.

**COMPLAINT**

**MEYERS TERSIGNI FELDMAN & GRAY LLP**
Attorneys for Plaintiff Joan Slavit

14 WALL STREET
19TH FLOOR
NEW YORK, NEW YORK 10005-2101
(212) 422-1500